IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRUCE ARTHUR JACKSON<br>a/k/a "Bruce Baker",<br><br>Defendant. | Case No. 3:21-cr-00109-SLG-KFR<br><br>**REPORT AND RECOMMENDATION<br>OF THE MAGISTRATE JUDGE UPON<br>A PLEA OF GUILTY** |

Upon Defendant's request to enter a guilty plea pursuant to Rule 11 of the Federal Rules of Criminal Procedure to Count 1 of the Indictment, Conspiracy to Commit Depredation Against Property of the United States, in violation of 18 U.S.C. §371, this matter was referred to the Magistrate Judge by the District Court.

Thereafter, the matter came on for a hearing on Defendant's guilty plea, in full compliance with Rule 11, Federal Rules of Criminal Procedure, before the Magistrate Judge, in open court and on the record. At the change of plea hearing, the Magistrate Court advised Defendant of his right to proceed with his change of plea before the District Court; Defendant knowingly and voluntarily waived that right on the record. A written consent to proceed before the Magistrate Judge, which had been signed by Defendant and provided to the government, but not yet signed and filed by the government prior to the hearing, was subsequently filed.

In consideration of that hearing and the allocution made by Defendant under oath on the record and in the presence of counsel, and the remarks of the Assistant United States Attorney,

//

**A. I make the following FINDINGS – that Defendant understands:**

1. That any false statements made by Defendant under oath may later be used against him in a prosecution for perjury;
2. The right to persist in a plea of "not guilty";
3. The consequences of a finding of guilty if he is not a United States citizen;
4. The nature of the charges against him;
5. The maximum possible sentence, including imprisonment, fine, and the effect of the supervised release term,
6. Any applicable mandatory minimum penalty;
7. The Court's authority to order restitution;
8. The Court's obligation to impose a special assessment;
9. Any applicable forfeiture;
10. The right to a speedy and public trial by jury;
11. The right to be represented by counsel – and if necessary to have the Court appoint counsel – at trial and at every other stage of the proceedings;
12. The right to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;
13. Defendant's waiver of trial rights if the Court accepts a guilty plea or nolo contendere;
14. That Defendant knowingly, intelligently, and voluntarily waived his right to appeal or collaterally attack his conviction and any sentence imposed if it is within the range permitted by the plea agreement; and
15. That in determining a sentence, the Court's obligation to calculate the applicable sentencing guideline range and to consider that range,

possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. §3553(a).

B. **I further FIND that:**

1. Defendant is competent to enter a plea;
2. That the plea of guilty by Defendant has been knowingly and voluntarily made and is not the result of force or threats or coercion;
3. Any agreements or promises which induced the plea of guilty are set forth in the written plea agreement or on the record; and
4. That there is a sufficient factual basis for Defendant's plea. This factual basis includes Defendant's admission under oath that the cost of the damage caused by his actions was greater than $1,000, thereby making his crime a felony. In support of the finding that there is a sufficient factual basis for the plea, I note that one of the elements of the offense to which Defendant pled guilty is that he conspired to damage United States property. While the factual basis does not specifically state Defendant's actions damaged United States property, Defendant's admission that as part of his conspiracy they "contaminat[ed] the ground with the oily-tar-like contents" that had been dumped on United States' government property meets this element. Contaminate means "to soil, stain, corrupt, or infect by contact or association." "Contaminate." *Merriam-Webster.com Dictionary*, Merriam-Webster, https://www.merriam-webster.com/dictionary/contaminate. Accessed 5 May. 2022; *see also United States v. Jenkins*, 554 F.2d 783, 785-86 (8th Cir. 1977) (relying on dictionary to define depredation as "the act or an instance of robbing, plundering, or laying waste.") Contaminating a surface by dumping 15 55-gallon drums containing an "oily, tar-like substance," thereby soiling, staining, corrupting, or infecting the property such that more than $1,000 was spent to clean

and rehabilitate the area satisfies any definition of damage. *Accord United States v. Wasson*, 838 Fed.Appx. 272 (9th Cir. 2021) (not reported) (holding that the dumping of vegetable oil, which required the expenditure of costs to remove the oil and contaminated soil upon which it was poured, along with the clearing of trees and vegetation, was sufficient evidence of willful depredation of government property.")

**C.** **I RECOMMEND** that the District Court accept Defendant's plea of guilty to Count 1 of the Indictment, Conspiracy to Commit Depredation Against Property of the United States, in violation of 18 U.S.C. §371. As part of the plea agreement, the United States agrees to recommend five (5) years of probation. Consistent with this recommendation, the United States may seek, if applicable under the United States Sentencing Commission Guidelines, a condition that Defendant serve some community confinement as part of his sentence.

The parties also agree that the Court should impose as part of its sentence joint and several restitution between Bruce Arthur Jackson and James Darren Withrow in the amount of $88,000, that sum being made payable to the National Forest Service for cleanup costs related to this criminal act. The Government agrees to dismiss Count 2 of the Indictment at the time of sentencing.

**IT IS FURTHER ORDERED:**

**D.** **A Presentence Report be prepared.**
1. Any objection(s) to the presentence report shall be filed no later than fourteen (14) days after receiving the presentence report pursuant to Fed. R. Crim. P. 32(f)(1).
2. Any sentencing memorandum shall be filed no later than seven (7) business days prior to sentencing pursuant to D.Ak. L.Cr.R. 32.1(d).

The Sentencing hearing will be held before United States District Judge Sharon L. Gleason on **August 5, 2022, at 10:00 a.m.** The Court excludes time from April 29, 2022, until the time of sentencing pursuant to 18 U.S.C. §3161(h)(1)(G) on the ground that the District Judge will be considering the proposed plea agreement.

DATED this 12th day of May 2022, at Anchorage, Alaska.

*s/ Kyle F. Reardon*
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

This Report and Recommendation is being issued as a Final Report and Recommendation. Pursuant to Fed. R. Crim P. 59(b)(3), any objections will be considered by the District Court Judge who will accept, reject, or modify the recommendation following de novo review. Any objections must be filed within **seven (7) days** from the date of service of this Report and Recommendation. Fed. R. Crim. P. 59(b)(2) and D.Ak.L.M.R. 6(a) authorizes the Court to alter the standard objection deadlines.

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).