IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

    Plaintiffs,

    v.

BRUCE ARTHUR JACKSON,

    Defendant.

No. 3:21-cr-00109-TMB-KFR

**FINDINGS AND RECOMMENDATIONS**

The Court recommends DENYING the parties' Stipulation for Installation Payments at Docket 113, and GRANTING the parties Unopposed Motion to Amend the Restitution Order to Reflect the Losses of Each Victim at Docket 117. The United States no longer seeks to prosecute the motion for stipulated payments and denial of that motion is therefore appropriate. As to the motion to amend, amendment is necessary to fix a clerical error in the Judgment and is proper under Federal Rule of Criminal Procedure 36.

**I.    Statement of Facts and Procedural History**

On May 31, 2018, Defendant and his co-conspirator agreed to dump "17 55-gallon drums filled with an oily, tar-like substance" in the Chugach National Forest, contrary to laws governing the proper disposal of such materials.[1] The following day, the co-defendant drove the barrels to a site of the Seward Highway, down a road marked with signs declaring "No Dumping" and "No Public Access."[2] The co-defendant dumped the barrels onto the property of the United States Forest Service (USFS).[3] The United States and the State of Alaska incurred $88,000 in expenses

---

[1] Doc. 46 at 5-7.
[2] *Id.*
[3] *Id.*

cleaning up Defendant's crime.[4]

The United States charged defendant on November 19, 2021, with Conspiracy to Commit Depredation against Property of the United States, in violation of 18 U.S.C. § 371, and Depredation against Property of the United States, in violation of 18 U.S.C. §§ 1361 and 2.[5] Defendant pled guilty to conspiracy (Count One) on April 29, 2022[6]; the District Court accepted Defendant's plea on August 3, 2022.[7]

The District Court sentenced Defendant on August 3, 2022.[8] At the Imposition of Sentencing hearing, the Court stated that it was ordering restitution in the amount of $88,000 to the United States Forest Service (USFS), and that it was "the responsibility of the Forest Service to parse out what is owed to the State of Alaska."[9] In response, the government attorney – a stand in for both of the assigned prosecutors to the case who clearly demonstrated an unfamiliarity with the details of the case - stated, "sure."[10] This procedure is what the prosecutor recommended to the Court earlier in the proceedings.[11] The District Court's Judgment ordered restitution in the amount of $88,000 to the "U.S. Forest Service," and that Defendant be held jointly and severally liable for this amount with his co-defendant.[12]

---

[4] *Id.* at 9; *see also* Doc. 67 at 2.
[5] Doc. 2.
[6] *See* Dockets 53 and 55.
[7] *See* Docket 74.
[8] *Id.*
[9] *See* Draft Transcript of sentencing hearing at 23:5-12 (hereinafter "Transcript").
[10] *Id.* at 5:13. After stating that he was "cover[ing] for a couple of colleagues," and that he was "happy to help and happy to step in," Draft Transcript at 4:16 and 4:23-24, the prosecutor parried the Court's questions about the government's recommendation for home confinement, adding, "I'm here to support [the assigned prosecutors'] sentencing recommendations. And so I'm not making any judgment on whether it's a good or a bad recommendation. This is -- the attorneys that handle the case this is what they're recommending and I'm here to advocate for them." *Id.* at 6:24-7:4. The Court described the prosecutor's answer as "a very artful dodge." *Id.* at 7:6.
[11] *Id.* at 8:5-8
[12] Doc. 76 at 5.

On December 9, 2022, the District Court transferred jurisdiction to the District of Arizona pursuant to 18 U.S.C. § 3605.[13] The District of Arizona accepted jurisdiction on December 16, 2022.[14]

## II. Legal Standard and Analysis

### a. The District Court in Alaska Has Jurisdiction to Enter the Proposed Orders.

The Court finds that the District of Alaska retains jurisdiction to enter the proposed orders in this case. The District Court transferred jurisdiction of the case to the District of Arizona pursuant to 18 U.S.C. § 3605.[15] Section 3605 provides that:

> A court, after imposing a sentence, may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district … A court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee that are permitted by this subchapter or subchapter B or D of chapter 227.

This is a limited grant of authority to the transferee court which includes the powers under subchapter A of chapter 229 of Title 18 and subchapters B and D of chapter 227 of Title 18. Subchapter A of chapter 229, which includes § 3605, governs post-sentence administration of probation; subchapter B of chapter 227 governs sentences of probation; and subchapter D of chapter 227 governs sentences of imprisonment. The subchapters concerning the imposition and administration of fines[16] and the miscellaneous sentencing provisions relating to restitution[17] are not included in the statutory transfer of power to a transferee court.

The Court finds that the pending motions in this case relate to the original restitution order. As such, they do not relate to any of the sentencing provisions expressly transferred to the District of Arizona. Jurisdiction over the restitution in this case has not transferred, and the court retains the authority to address the

---

[13] Doc. 120.
[14] *Id.*
[15] *Id.*
[16] *See* 18 U.S.C. § 3571, et seq. and 18 U.S.C. § 3611, et seq.
[17] *See* 18 U.S.C. § 3663, 3663A, and 3664.

Final R&R on Motions for Stipulations 3
*United States v. Jackson*
3:21-cr-00109-TMB-KFR
Case 3:21-cr-00109-TMB-KFR   Document 127   Filed 07/17/23   Page 3 of 9

pending motions seeking an adjustment of Defendant's payment schedule and an amendment of the Judgment directing to whom payment should be directed.

Mechanisms for enforcement of the restitution order are included within Defendant's conditions of probation. As detailed in the Judgment, one mandatory condition of probation requires the defendant to make restitution in accordance with the statutory restitution provisions, including 18 U.S.C. 3663.[18] A special condition of probation requires the defendant, "[d]uring the period of probation,…[to] pay any fine or restitution in accordance with the Court's orders."[19] However, the inclusion of these terms does not transfer the restitution order into a term of probation over which the District Court has lost jurisdiction pursuant to 18 U.S.C. § 3605. The Court reaches this finding for the following reasons.

First, restitution is a part of the criminal sentence.[20] And while the transfer of jurisdiction statute expressly transfers authority over some parts of sentencing – probation and imprisonment, it does not do so for others – fines and restitution. Under the well-established canon of statutory construction – the negative-implication canon (i.e., the canon *expressio unius est exclusio alterius*) – by including probation and imprisonment in the delegation statute, it can be assumed that Congress meant for the sentencing court to retain jurisdiction over fines and restitution, those parts of sentencing Congress did not include in the statute.[21]

---

[18] Doc. 76 at 2.
[19] *Id.* at 4.
[20] *See United States v. McLeod*, 972 F.3rd 792 (4th Cir. 2020); *see also United States v. Johnson*, 934 F.3d 716 (7thCCIr. 2019).
[21] *See N.L.R.B. v. SW Gen., Inc.*, 580 U.S. 288, 302 (2017) ("The Board relies on the "interpretive canon, *expressio unius est exclusio alterius,* 'expressing one item of [an] associated group or series excludes another left unmentioned.'") (quoting *Chevron U.S.A. Inc. v. Echazabal*, 536 U.S. 73, 80 (2002)); *see also Seneca-Cayuga Tribe of Okla. v. Nat'l Indian Gaming Comm'n*, 327 F.3d 1019, 1034 & n.24 (10th Cir. 2003) ("In other words, "[t]he notion is one of negative implication: the enumeration of certain things in a statute suggests that the legislature had no intent of including things not listed or embraced.") (quoting William N. Eskridge, et al., CASES AND MATERIALS ON LEGISLATION: STATUTES AND THE CREATION OF PUBLIC POLICY 947 (3d *1214 ed. 2001)); Scalia & Gardner, READING

Final R&R on Motions for Stipulations
*United States v. Jackson*
3:21-cr-00109-TMB-KFR
4
Case 3:21-cr-00109-TMB-KFR  Document 127  Filed 07/17/23  Page 4 of 9

Second, in pronouncing sentence in this case, the Court did not state that restitution was ordered as a condition of probation. Rather, it appears from a review of the Presentence Investigation Report and the Court's pronouncement at sentencing, that restitution was imposed as an independent component of the Court's sentence.[22] The plea agreement, which does not seek restitution as a condition of probation but does seek a community work service requirement as such a condition, appears to support this conclusion.[23]

As stated above, the terms of probation in this case include a provision for ensuring collection of both fines and restitution. However, the transfer of jurisdiction statute expressly excludes fines from its purview, and the statute is clear that the transferring jurisdiction retains its authority over this category of financial matters.[24] The inclusion of these provisions in the terms of probation is a mechanism for enforcement of the Court's order while a defendant is under Court supervision. It does not convert restitution into a term of that probation.

The Court finds that the District Court retains jurisdiction over the issue of restitution. Accordingly, the District Court in the District of Alaska has the authority to act on the pending motions addressing how restitution is to be made and to whom. For the reasons stated below, the Court recommends denial of the Stipulation for Installation Payments at Docket 113 and granting the Unopposed Motion to Amend the Restitution Order to Reflect the Losses of Each Victim at Docket 117.

//

//

---

LAW: THE INTERPRETATION OF LEGAL TEXTS 3 at 107 (discussing the operation of the "negative-implication canon").

[22] *See* Transcript at 23:5-12.

[23] Doc. 46 at 3. That the government would structure the plea agreement in this case is reasonable. Were the government to make restitution a condition of probation, it would lose the ability to enforce this provision upon the defendant's completion of his sentence. However, a valid restitution order remains enforceable through civil proceedings even after completion of a term of probation.

[24] *See United States v. Weiss*, 2022 WL 10667255 (S.D.N.Y. October 17, 2022).

**b. The Motion for a Payment Schedule Should Be Denied.**

The parties appeared before the Court on July 14, 2023. At that time, the parties informed the Court that there was no longer a need for a payment schedule, and that the issues addressed by the government's motion and the proposed stipulation would likely be addressed through resolution of the proposed motion to amend the Judgment at Docket 117. As the United States is no longer seeking to prosecute this motion, the Court recommends that it be denied without prejudice.

**c. The Court Should Amend the Clerical Error to the Judgment.**

Title 18, United States Code, Section 3664(f)(1)(A) requires the Court to order restitution in the full amount of each victim's loss. "A sentence that imposes an order of restitution is a final judgment..." and the amount of restitution ordered cannot later be amended "in the interests of justice."[25] However, under Fed. R. Crim. P. 36, clerical errors in a judgment can be corrected so long as they do not affect the defendant's substantive rights. "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."[26] Although "Rule 36 may not be used 'to make a substantive alteration to a criminal sentence,'" Rule 36 does allow for amendments that do not fundamentally alter the sentence.[27]

The Court finds this to be an instance in which there was a clerical error in the Judgment and recommends amending the Judgment accordingly. In this case, the clerical error lies not with the Court – which correctly pronounced the restitution order proposed by the government attorney – but with the United States Attorney's

---

[25] 18 U.S.C. 3664(o); *United States v. Wyss*, 744 F.3d 1214, 1219 (10th Cir. 2014).
[26] Fed. R. Crim. P. 36. The Court finds by virtue of the fact that the government filed this motion, that it was unopposed by Defendant, and that a hearing was held on the matter, that the requisite notice under Rule 36 has been provided.
[27] *United States v. Portillo*, 363 F.3d 1161, 1164-65 (11th Cir. 2004).

Office, which failed to properly advise the Court at the sentencing hearing.[28] The United States' Sentencing Memorandum requested restitution to both the USFS and the State of Alaska in the amounts sought in the pending motion.[29] This information was not properly conveyed by the substitute Assistant United States Attorney who appeared at the sentencing hearing on behalf of his colleagues.[30]

Moreover, while the current Judgment reflects the Court's direction at the sentencing hearing, the Judgment does not effectuate the Court's intent. The Court's intent in this case – as stated in the record – was that the State of Alaska receive a portion of the restitution amount. An unopposed modification of the Judgment to allow for this express intent is proper under Rule 36 when the modification "neither affects a party's substantive rights nor contradicts the court's and the parties' intentions as to the judgment."[31]

This is not a case in which the Court is being asked to reassess its original Judgment and the parties are not seeking to increase or decrease the amount of the restitution.[32] Courts consistently hold that if a correction to a restitution order does not increase the total amount of restitution imposed at sentencing, the defendant's rights are not substantively affected.[33] In this case, the proposed amended restitution order merely changes the identity of the restitution recipients and the

---

[28] *Accord United States v. Catledge*, 2020 WL 4334897 (N.D. Cal. July 28, 2020) (finding a clerical error sufficient to invoke Rule 36 when the government when it failed to include a victim on the restitution schedule submitted to and adopted by the sentencing court").

[29] Doc. 67 at 2.

[30] The Court notes that at the sentencing hearing for the co-defendant one of the assigned prosecutors to the case did appear. *See* Docket 108. The Judgment in that case correctly partitions the restitution between the two victims. *See* Doc. 111 at 6.

[31] *See United States v. Crawley*, 463 Fed.Appx. 418, 421 (5th Cir. 2012); *see also United States v. Pizzolato*, 2013 WL 950533 (E.D. La. March 11, 2013) (amending judgment where motion was unopposed and not contrary to sentencing Court's intent).

[32] *See United States v. Jones*, 608 F.2d 386, 389 (9th Cir. 1979) ("Rule 36 was intended to allow correction of clerical errors, not to allow reassessment of the merits of an earlier decision after the time for reconsideration or appeal ha[s] elapsed.").

[33] *See Crawley*, 463 Fed.Appx. at 422; *see also Portillo*, 363 F.3d at 1165 (holding that an amendment to a restitution order that does not alter the total restitution amount constitutes a "clerical" correction).

allocations of the previously ordered restitution amount owed to those recipients. Rule 36 is the appropriate mechanism for making this correction and recommends that the Court act accordingly.[34]

### III. Conclusion

The Court recommends the following:

1. The parties' Stipulation for Installment Payments at Docket 113 be DENIED WITHOUT PREJUDICE.

2. The government's Unopposed Motion to Amend the Restitution Order to Reflect the Losses of Each Victim at Docket 117 be GRANTED. The Court further recommends that the District Court amend the Judgment to direct payment of the $88,000 restitution award to the following payees:

   a. United States Forest Service in the amount of $86,515.31, and
   
   b. The State of Alaska in the amount of $1,484.69.

DATED this 17th of July 2023, at Anchorage, Alaska.

*s/ Kyle F. Reardon*
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

This Report and Recommendation is being issued as a Final Report and Recommendation. Pursuant to Fed. R. Crim P. 59(b)(3), any objections will be considered by the District Court Judge who will accept, reject, or modify the recommendation following de novo review. Any objections must be filed within two (2) days from the date of service of this Report and Recommendation. The shortened objection deadline has been agreed to by the parties and is necessary for the timely consideration of this motion by the District Court Judge so as not to prejudice the

---

[34] *See United States v. Polukhin*, 2017 WL 923204 (D.Minn. March 8, 2017).

defendant.  Fed. R. Crim P. 59(b)(2) and D. Ak. L.M.R. 6(a) authorizes the court to alter the standard objection deadlines.

Reports and recommendations are not appealable orders.  Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.[35]

---

[35] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).